IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2010

RONALD A. BARKER, A/K/A GEORGE N. BAILEY v. TENNESSEE
DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Davidson County
No. 09-181-I     Claudia Bonnyman, Chancellor

No. M2010-00839-COA-R3-CV - Filed February 7, 2011

Inmate of the Tennessee Department of Corrections appeals the trial court's grant of summary judgment to the Department in inmate's declaratory judgment action. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Ronald A. Barker, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Kellena Baker, Assistant Attorney General, for the appellees, Tennessee Department of Correction.

**MEMORANDUM OPINION[1]**

In December 2008, Ronald Barker, an inmate of the Tennessee Department of Corrections ("TDOC"), filed a petition for declaratory order with TDOC pursuant to Tenn. Code Ann. § 4-5-223, seeking to have the sentence imposed as a result of his June 21, 2004

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

conviction in Sullivan County Criminal Court recalculated. TDOC denied the petition on January 13, 2009 and Mr. Barker promptly filed a declaratory judgment action in Davidson County Chancery Court, pursuant to Tenn. Code Ann. § 4-5-225, seeking court review of TDOC's denial of his petition. In both the TDOC and Chancery Court proceedings, Mr. Barker contended that TDOC determined his sentence based on judgments of the Sullivan County Criminal Court entered on August 4, 2006 which had been held to be null and void by the Court of Criminal Appeals in February 2008.[2]

TDOC filed a motion for summary judgment, supported by the affidavit of Candace Whisman, Director of Sentence Management Services of TDOC, and a statement of material facts. Mr. Barker responded, opposing TDOC's motion and also moving for summary judgment, supporting his motion with a statement of material facts. The trial court granted TDOC's motion, holding that TDOC correctly calculated Mr. Barker's sentence in accordance with the judgments entered in his criminal case and that any claim of Mr. Barker that the judgments were incorrect or void was not properly challenged through a declaratory judgment proceeding, as neither TDOC nor the trial court had authority to address the criminal court judgment. The trial court assessed the costs of the proceeding against Mr. Barker.

Mr. Barker appeals, stating the following issues:

1. Whether the trial court erred by allowing the case to continue for some fifteen (15) months while accumulating numerous fees and costs when the Court fully well knew beforehand that it had no authority over either the subject matter or the relief sought.
2. Whether the Petitioner, who was found to be indigent by the Court, should be accountable for paying the costs occurred [sic], due to the Court's error to

_____

[2] Mr. Barker fled after being convicted in Sullivan County Circuit Court and was sentenced in absentia on June 21, 2004; he remained a fugitive until April 2006, when he was captured and returned to Sullivan County for sentencing. In May and August 2006, the Sullivan County Circuit Court entered amended orders reflecting the fact that Mr. Barker had been a fugitive and had not come into custody until April 2006 and providing that the sentence imposed in the June 21, 2004 order on count one would run consecutive to that imposed on count two. Mr. Barker subsequently filed a petition for post-conviction relief which was dismissed by the trial court as untimely. On appeal to the Court of Criminal Appeals Mr. Barker contended, among other things, that the one year statute of limitations for filing the post-conviction petition did not begin to run until he was returned to Tennessee in 2006; the court rejected his contention. *See Barker v. State*, 2008 WL 440438 (Tenn. Crim. App Feb. 19, 2008). In the course of its opinion the Court of Criminal Appeals held that the 2006 amended judgments were entered in error and were void. Mr. Barker relied upon this holding to assert in the TDOC and Chancery Court proceedings that the December 2008 action of the Sullivan County Circuit Court entering a corrected order was erroneous and entitled him to relief.

allow a case it knowingly had no authority over the subject matter in, to continue over some fifteen (15) months.

By way of relief, Mr. Barker asks that this court:

> . . . reverse the trial court order, if only in part, and suspend all cost occurred [sic] that have been assessed against him needlessly because the Court proceeded to allow all the unnecessary filings and costs to needlessly build up over a fifteen month period with absolutely no reason to entertain the petition containing issues the Court had no authority over.

It appears, therefore, that Mr. Barker is seeking a review of the trials court's assessment of costs against him. In his brief and reply brief, Mr. Barker recites not only the history of this case but also that of the case which led to the February 2008 opinion of the Court of Criminal Appeals, and contends that the trial court should not have allowed his petition to proceed to hearing, thereby "unnecessarily" accumulating costs and filing fees.

While the record does not reflect that Mr. Barker moved the court for relief from the taxation of costs, the record does contain an order entered June 1, 2009 wherein the court granted Mr. Barker leave to file this action without paying an advance filing fee as required by Tenn. Code Ann. § 41-21-807. In the June 1 order the court cautioned that the finding that he did not owe a partial filing fee "does not relieve Mr. Barker from the possibility that he will owe court costs at the conclusion of this case. This ruling only delays payment of those costs. At the end of the case, the Court will assess court costs against the party that does not prevail." The case proceeded and was disposed of on cross motions for summary judgment.

The assessment and recovery of costs in civil actions is governed by Chapter 12 of Title 20 of the Tennessee Code, Tenn. Code Ann. § 20-12-101 *et seq.*, and administered in accordance with Tenn. R. Civ. P. Rule 54.04. We have been directed to nothing in either the governing statute or the rule implementing same from which to conclude that the trial court's assessment of costs was improper. We have reviewed the record and determined that the trial court correctly held that neither the court nor TDOC had the authority to address the sentence imposed by the Sullivan County Circuit Court. Ms. Whisman's explanation of the calculation of Mr. Barker's sentence was unrebutted and we agree that

TDOC's calculation of Mr. Barker's sentence was proper.[3]  The trial court did not err in granting summary judgment to TDOC and dismissing this proceeding.  The assessment of costs against Mr. Barker was in accordance with the law and facts.

For the foregoing reasons, the judgment of the Chancery Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[3]  The relevant portion of Ms. Whisnan's affidavit states:

The calculation for the total seventeen year sentence reflects 666 days of time not awarded from sentence date of June 21, 2004 to April 18, 2006 as he was a fugitive during this period.  The overall release eligibility and expiration dates have been reduced by 341 days of Prisoner Sentence Reduction Credit earned.  Current overall release eligibility date is March 28, 2011.  Current overall expiration date is May 2, 2022 and the calculation of this date is as follows.

| | |
|---|---|
| Sentence Imposed Date #S47936 | 6-21-2004 |
| Plus 16 years | +    16 yr |
| equals expiration | 6-21-2020 |
| minus 9 days pt/jc | -    9 days |
| equals | 6-12-2020 |
| plus dead time | + 666 days |
| equals | 4-8-2022 |
| minus sentence reduction credit earned | - 341 days |
| equals | 5-2-2021 |
| plus 1 yr #S49508 | +    1 year |
| equals current overall expiration | 5-2-2022 |